UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
ERIC FRIEDLANDER and STEPHEN F. WAHL,

              Plaintiffs,                  **MEMORANDUM AND ORDER**
   -v.-                                       05-CV-6031 (DRH) (ARL)

WARD ONSA and WARD ONSA & COMPANY,

              Defendants.
_____

**APPEARANCES:**

**For the Plaintiffs:**
**Roy A. Klein, Esq.**
532 Broad Hollow Road
Suite 144 Melville, New York 11747

**For Defendants Ward Onsa and Ward Onsa & Company:**
**Ward Onsa, Pro Se**
910 Sycamore Court
Marco Island, FL 34145

**HURLEY, Senior District Judge:**

        Presently before the Court is the motion by Plaintiffs Eric Friedlander and Stephen F. Wahl ("Plaintiffs") for an Order: (1) dismissing the defenses of defendants Ward Onsa and Ward Onsa & Company ("Defendants") as to Plaintiffs' breach of contract claim under the doctrine of res judicata; (2) rejecting Defendants' answer as being untimely and entering judgment in favor of Plaintiffs; and (3) striking Defendants' answer for failure to comply with Federal Rules of Civil Procedure ("Rules") 8 and 10. (*See* July 25, 2007 Notice of Mot.) For the reasons stated below, the motion is denied in its entirety.

## BACKGROUND

Plaintiffs initiated this breach of contract and securities fraud action on December 27, 2005, to "recover more than $1.7 million lost or stolen by Ward Onsa, a purported investment advisor and principal of Ward Onsa & Company." (Compl. ¶ 1.) They allege that Ward Onsa placed their investment "funds into a general account with the funds of other investors [and] used those funds for his own benefit or to pay off the claims of other investors, and invested the balance in speculative transactions that resulted in massive losses to [Plaintiffs'] funds." (*Id.* ¶ 3.) After receiving an extension of time from the Court, Plaintiffs served the Complaint on Defendants on May 3, 2006.

Pursuant to Rule 12(a), Defendants' answer was due to be served on May 23, 2006; however, Defendants' Answer was not served until July 20, 2006. The first paragraph of the Answer reads as follows:

> Defendants apologize for this late answer occasioned by their lack of financial resources to retain new counsel and the necessity of every member of the family to work to meet family expenses. Defendants have no alternative but to proceed as their own attorneys and beg the court's indulgence for both their late response and the informalities of this answer which have been drafted to the best of their ability.

(Answer at 1.)

Thereafter, Plaintiffs filed the instant motion. While the motion was pending, Magistrate Judge Arlene R. Lindsay referred the case to mediation. (*See* docket no. 22.) She further directed the parties to file their proposed joint pre-trial order by February 1, 2008 should the mediation prove unsuccessful. (*See id.* no. 23.)

The docket sheet indicates that the mediation was scheduled to take place on

2

February 25, 2008. According to Defendants, Ward Onsa, who resides in Florida, made travel arrangements to fly to New York for the February 25th mediation. (Letter from Ward Onsa to Court, dated Apr. 21, 2008, docket no. 34.)

Thereafter, Plaintiffs' counsel sent Ward Onsa an e-mail requesting that the date be changed to February 27, 2008. (Letter from Plaintiffs' counsel to Court, dated Apr. 1, 2008, docket no. 31.) Ward Onsa responded that he would try to rearrange his schedule. (*Id.*) According to Plaintiffs' counsel, neither the mediator nor Plaintiffs' counsel heard back from Onsa, even though counsel followed up by sending a further e-mail. (*Id.*) The mediation was therefore postponed.

In endeavoring to explain his failure to respond, Ward Onsa states that "[t]ravel arrangements . . . could not be cancelled and rearranged within that time frame." (Letter from Ward Onsa to Court, dated Apr. 21, 2008, docket no. 34.) He also contends that he "explained to Mr. Lepp [the ADR Administrator] that [he is] representing [him]self in this case due to financial inability to hire an attorney and traveling from Florida to Long Island was a financial hurdle." (*Id.*)

On April 2, 2008, the case was returned from mediation. The docket entry indicates as follows: "The Mediator reports he is unable to re-schedule session because defendant not responsive to scheduling requests after many attempts." (Docket sheet, un-numbered entry dated Apr. 2, 2008.)

The Joint Pre-Trial Order was filed and approved by Magistrate Judge Lindsay on March 26, 2008. The Joint Pre-Trial Order reflects that "the parties have not conducted discovery." (*Id.* no. 29 at 3.)

3

## DISCUSSION

### I.  *Plaintiffs' Motion to Reject Defendants' Answer as Untimely is Denied*

Citing solely to Rule 12(a), which requires a defendant to serve an answer within 20 days after service of the summons and complaint, Plaintiffs argue that Defendants' Answer should be rejected as untimely and judgment should be entered in favor of Plaintiffs. Plaintiffs have not filed a formal motion for default judgment, nor have they briefed the issue under Rule 55.

As an initial matter, Plaintiffs' motion is procedurally defective as it does not include a certificate of default. Before filing for default judgment, Plaintiffs needed to request entry of default by the Clerk of the Court. *See* Fed. R. Civ. P. 55(a).

Next, even if this Court were to reach the merits, Plaintiffs' application would still fail. "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and "district courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986). In exercising this discretion, district courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Diakuhara*, 10 F.3d at 96. In addition, courts may consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result." *Id.*

"[D]efaults are generally disfavored and are reserved for rare occasions [and] when doubt exists as to whether a default should be granted or vacated, the doubt should be

4

resolved in favor of the defaulting party." *Id.* "Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se." *Id.* "A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." *Id.*

Finally, defaults "are particularly disfavored when substantial rights are implicated or when substantial sums of money are demanded." *Id.* at 97 (citations omitted).

Applying these standards, the Court concludes that a default judgment should not be entered against Defendants. Given the substantial sum of money demanded in the Complaint ($1.7 million), Defendants' pro se status, the factual issues surrounding the merits of Plaintiffs' claims,[1] and the failure by Plaintiffs to establish any prejudice resulting from Defendants' delay in filing an answer,[2] the Court concludes that entry of default judgment is not warranted in this case. Accordingly, in the exercise of my discretion, Plaintiffs' motion to strike Defendants' Answer and to enter judgment in Plaintiffs' favor is denied.

## II. *Plaintiffs' Motion to Strike Defendants' Answer is Denied.*

Plaintiffs argue that Defendants' Answer violates Rule 8(b), which requires a party to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Plaintiffs also contend that the Answer violates Rule 10, which requires a party to "state its claims or

---

[1] For example, Defendants claim to have documentation to prove that plaintiff Eric Friedlander was paid back more on his investment than he now claims.

[2] "[D]elay standing alone does not establish prejudice." *Diakuhara*, 10 F.3d at 98.

5

defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiffs argue that the purpose of these Rules is to provide fair and adequate notice and help clarify the issues, thereby simplifying the trial.

It is well established that pro se litigants are afforded some degree of flexibility in pleading their actions. *See Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) ("Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel . . . .") (internal quotation marks and citations omitted). Despite Plaintiffs' contentions to the contrary, the Court finds that Defendants' Answer is not "confused, ambiguous, vague, or otherwise [un]intelligible." (Pls.' Mem. of Law at 7.) Rather, the Answer is a short and plain statement that plainly conveys its defenses. Moreover, although the Answer does not contain numbered paragraphs, given Defendants' pro se status, that hardly presents a reason to strike it. Accordingly, Plaintiffs' motion to strike the Answer is denied.

### III.   *Plaintiffs' Motion to Dismiss Defendants' Defenses Under the Doctrine of Res Judicata is Denied.*

On September 1, 2004, Bruce Pomper ("Pomper") filed an action in this District against the present Defendants, asserting, inter alia, a breach of contract claim based on Defendants' alleged failure to return Pomper's investment. (*See Pomper v. Ward Onsa and Ward Onsa & Company*, No. 04CV4075 (E.D.N.Y. 2004) (JS).) Pomper's claim was based on a contract, dated January 28, 2002, entered into between himself and Defendants. Defendants failed to answer the Complaint, and on April 4, 2005, a default judgment was entered against Defendants on the breach of contract claim.

In a one-paragraph argument, the instant Plaintiffs assert that Defendants should be barred from asserting any defenses to Plaintiffs' breach of contract claim in this action because

> the default judgment against [Defendants] on the breach of contract claim in *Pomper* – which is identical to and arises out of the same facts as those asserted in the Third Claim for Relief of the [Plaintiffs'] complaint here – constitutes a judgment on the merits dismissing the defenses that [Defendants] could have raised in that action. It thereby precludes Onsa as a matter of law from raising such defenses in this case.

(Pls.' Mem. of Law at 4-5.) No authority is proffered in support of this contention, other than a string cite of cases standing for the general proposition that "a default judgment is deemed as conclusive an adjudication of the merits of an action as a contested judgment for purposes of determining its preclusive effect." (*Id.* at 4 (citing, inter alia, *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005)).)

Local Civil Rule 7.1 requires that a motion be supported by a memorandum of law "setting forth the points and authorities relied upon in support" of the motion. Local Civil Rule 7.1(a). Failure to comply is grounds for denial of the motion. *Id.* Because Plaintiffs provide no legal authority in support of their argument, their motion is denied. Plaintiffs' motion wholly fails to address whether a default judgment obtained by one plaintiff may be used by another plaintiff in these circumstances, particularly given that the contracts at issue in the two cases, although containing similar language, are separate and distinct agreements. Accordingly, Plaintiffs' motion to bar Defendants' defenses is denied.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion (docket no. 17) is DENIED. This case is hereby referred to mediation for a second time. The parties shall consult with the ADR Administrator, Gerald P. Lepp, (718) 613-2577, regarding the mediation. All parties are hereby put on notice that a willful failure to appear for mediation may result in the imposition of sanctions against that party, including dismissal or the striking of Defendants' Answer. The parties shall notify the undersigned within two weeks of a decision or should the mediation fail.

**SO ORDERED.**

Dated: Central Islip, N.Y.
July 14, 2008                                                  /s/
                                                               Denis R. Hurley,
                                                               United States District Judge